DAVID D. DOWD, Jr., District Judge,
concurring.
I agree with the well written opinion of Judge Daughtrey because I am of the view that her analysis is consistent with the precedent that has developed since Congress adopted 11 U.S.C. § 522(f)(1). However, the notion that a subsequent mortgage lien, under the bankruptcy law, preempts an earlier filed judgment lien turns the whole concept of creditors’ rights on its head. The potential for fraud is obvious.
As long as the statute remains in effect, the judgment creditor must promptly initiate foreclosure proceedings to avoid the real probability that a subsequently filed mortgage lien will trump the judgment lien. That Congress intended this result, in the context of a “fresh start,” I find difficult to comprehend, but I cannot deny that it is within Congress’s express Article I, Sec. 8 authority to regulate interstate commerce and “[t]o establish ... uniform Laws on the subject of Bankruptcies!)]” As it has already been decided that the statute does not constitute a taking in violation of the Fifth Amendment, I reluctantly concur.
I am authorized to say that Judge Bat-chelder joins me in this opinion.